**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**CHRISTOPHER FERNANDEZ** | **CRIMINAL ACTION**<br>**NO. # 25-227-4** |

**MEMORANDUM OPINION**

A grand jury indictment charged Defendant Christopher Fernandez ("Fernandez") with, *inter alia*, two counts (Counts Two and Three) of kidnapping and aiding and abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. Fernandez has moved to dismiss those counts pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), arguing that the indictment fails to state an offense under the federal kidnapping statute. For the reasons that follow, Fernandez's motion shall be denied.

## I. LEGAL STANDARD

An "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). It "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner v. United States*, 285 U.S. 427 (1932); *United States v. Debrow*, 346 U.S. 374 (1953)). Although an indictment "must allege more than *just* the essential elements of the offense," *United States v. John-Baptiste*, 747 F.3d 186, 195-96 (3d Cir. 2014) (emphasis added), it need not provide greater specificity than the statutory language "so long as there is sufficient factual orientation to permit

the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution," *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012).

## II. DISCUSSION

The federal kidnapping statute provides, in relevant part, that

> "[w]hoever unlawfully seizes, confines, . . . kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person when . . . the offender . . . uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense . . . shall be punished by imprisonment for any term of years or for life."

18 U.S.C. § 1201(a)(1). And the indictment tracks that language. Counts Two and Three respectively allege[1] that "[o]n or about June 3, 2024, in Philadelphia, in the Eastern District of Pennsylvania," Fernandez and his codefendants knowingly and willfully: (1) "unlawfully seized, confined, kidnapped, abducted, carried away, and held,"[2] D.P. and R.G.; (2) did so "for ransom, reward, and otherwise, that is, for the purpose of robbing and carjacking" of D.P. and R.G.; and, (3) "in committing the offense, [they] used a means, facility, and instrumentality of interstate commerce, that is, cellular telephones and a 2021 Jeep Grand Cherokee . . . that had been transported, shipped, and received in interstate commerce."

Fernandez's argument focuses on the jurisdictional element, arguing that the indictment

---

[1] Count Two alleges that the Defendants, including Fernandez, kidnapped, and aided and abetted the kidnapping of D.P. Count Three alleges the same with respect to R.G.

[2] Each count also alleges conduct relevant to aiding and abetting liability under 18 U.S.C. § 2, namely, that the Defendants "aided and abetted the unlawful seizing, confining, kidnapping, abducting, carrying away, and holding of" the respective victim.

fails to state an offense because it contains no specifics about *how* Fernandez or his codefendants used the instrumentalities of interstate commerce—the cellular telephones and the Jeep Grand Cherokee—in furtherance of the kidnapping. He relies on the Tenth Circuit's recent ruling in *United States v. Chavarria*, which narrowly held that the undefined and generic term "motor vehicle" is not a *per se* instrumentality of interstate commerce for purposes of this statute. 140 F.4th 1257, 1268 (10th Cir. 2025).

Fernandez disclaims reliance on *Chavarria's* holding, focusing instead on its "reasoning concerning the manner in which the alleged instrumentality was used." *Chavarria*, of course, is not precedential here. Nevertheless, Fernandez's argument reads *Chavarria* too broadly. There the Government had argued that federal jurisdiction would attach when an instrumentality was used to commit or further a kidnapping, but not when its involvement was "merely incidental" to the offense. *Id.* at 1263-64 & n.15. The Court explained that to draw the distinction the Government proposed, "some allegation of how an instrumentality is used is necessary." *Id.* at 1264 n.15. This discussion did not impose a generally applicable pleading requirement that an indictment must specify how an instrumentality was used in the commission of an offense. Instead, it explained why even the Government's proposed limiting principle could not save that particular indictment.

Fernandez points to no precedent—nor any holding in any other circuit—that requires the government to allege the specifics of how the instrumentalities of interstate commerce were used in the commission of an offense. The binding rule, as articulated in *Hamling*, 418 U.S. at 117-18, and applied by the Third Circuit, *see e.g., Huet*, 665 F.3d at 595; *John-Baptiste*, 747 F.3d at 195-96, remains: the indictment need only lay out the elements of the offense and provide sufficient factual orientation to allow Fernandez to prepare his defense and invoke double

jeopardy in the event of a subsequent prosecution. *See John-Baptiste*, 747 F.3d at 195-96. "[D]etailed allegations are unnecessary." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013).

Turning back to the question of the sufficiency of the indictment to these offenses, it identifies the statute charged, sets out the elements of the offense, distinguishes the victims for each charge, and specifies the date—June 3, 2024—on which the alleged kidnappings occurred. *See Huet,* 665 F.3d at 595. It further identifies the basis for federal jurisdiction—the use of cellular telephones and a specific Jeep Grand Cherokee[3]—which the defendants are alleged to have used in the commission of the kidnapping. No more is required. *See e.g.*, *John-Baptiste*, 747 F.3d 186 (observing that indictment was "adequate," even absent the names of the victims, where it alleged the statutory elements, the relevant time period, and the nature of the charged conduct); *Stock*, 728 F.3d at 292 (explaining that "detailed allegations" are unnecessary where the indictment recites the statutory language and provides "sufficient factual orientation"—typically the time period—of the alleged offense); *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989) (holding that an indictment need not specify "the particular manner" in which the charged conduct accomplished an element of the offense); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) ("[D]etailed allegations. . . are not contemplated by Rule 7(c)(1).").

***

Because the indictment sets forth the elements of kidnapping and provides enough additional information to apprise Fernandez of the charges against which he must defend or

[3] "[M]otor vehicles are instrumentalities of interstate commerce." *United States v. Bishop*, 66 F.3d 569, 590 (3d Cir. 1995). Although the Third Circuit has not announced a similar rule with respect to cellular telephones, circuits that have considered the issue have found that them to be *per se* instrumentalities. *See United States v. Holloway*, 2026 WL 2445539 at *1 (E.D. Pa. Aug. 20, 2026) (collecting cases).

invoke double jeopardy in the event of a subsequent prosecution, the Motion to Dismiss Counts Two and Three of the Indictment shall be denied.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**
___________________________________
**WENDY BEETLESTONE, C.J.**